**Luis Efrain de Leon MONTERROSO; Rocio Del Carmen Vega, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71801.
Agency Nos. A72–685–123, A71–581–623.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 25, 2004.

Walter Rafael Pineda, Esq., Law Offices of Walter Rafael Pineda, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Lagu-

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

na Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Marshall Tamor Golding, Esq., Carl H. McIntyre, Jr., Jeffrey J. Bernstein, Esq., Susan Houser, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Luis de Leon Monterroso and his wife Rocio del Carmen Vega, natives and citizens of Guatemala and Mexico respectively, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000) ("[T]he IJ's determination that an alien is not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence in the record.").

Petitioners' contention that the agency violated due process by delaying processing of their asylum application, thereby preventing them from applying for suspension of deportation, is foreclosed by *Lopez–Urenda v. Ashcroft*, 345 F.3d 788, 793–94, 796 (9th Cir.2003).

We also conclude that substantial evidence supports the IJ's determination that de Leon did not establish eligibility for asylum based on past persecution, because he was not targeted by the guerrillas on account of a protected ground. De Leon himself testified that the guerrillas recruited "everyone around the town" and that they "tried to take us because . . . we were

abled bodies." De Leon alleges past persecution on account of imputed political opinion, but the record does not support his contention. *See Sangha v. INS*, 103 F.3d 1482, 1489 (9th Cir.1997) ("In establishing an imputed political opinion, [we consider] . . . the political views the persecutor rightly or in error attributes to his victims").

Nor has de Leon established a well-founded fear of persecution. An alien must "point[ ] to credible, direct, and specific evidence in the record . . . that would support [an objectively] reasonable fear of persecution." *Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998) (quotation marks and citation omitted). Substantial record evidence, including improved country conditions, supports the IJ's conclusion that de Leon has not met this burden. *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000) ("[A] petition must be denied unless the evidence [is] so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." (quotation marks and citation omitted)).

Petitioners' contention that the BIA's streamlining procedure violates due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845 (9th Cir.2003).

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.